IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 AUG 18 PM 4:06
CLERK
WESTERN DISTRICT COURT
OF TEXAS
BY ___

| | | |
|---|---|---|
| MOVERO, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | NO. A05CA657 SS |
| INTECHTUAL, INC and | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Movero, Inc., Plaintiff, complains of Intechtual, Inc., and would show:

1. Movero, Inc., Plaintiff, is a Delaware Corporation duly formed and maintains its principal place of business in Travis County, Texas at 9101 Burnet Road, Suite 207, Austin, Texas.

2. Intechtual, Inc., Defendant, is a Texas Corporation, a Texas Corporation, having its principal office at 1118 Heights Blvd., Houston, Texas.

3. Jurisdiction and venue is appropriate under Title 28, Part IV, Chapter 87, Section 1391(c) for the violation for Federal Copyright Laws under 17 U.S.C. § 201 and 17 U.S.C. § 501. Defendant transacts business in this District, and the acts alleged herein occurred in part in this District. The interstate trade and commerce involved and affected by the alleged violations of the copyright laws was and is carried on in part within this District.

## Background

4. On or about March 14, 2005, Plaintiff Movero, Inc. provided original software related to mPortal, pursuant to their mutual agreement that Intechtual Inc., (hereinafter "Defendant") provide services to improve on software provided to Defendant.

5. License to alter the original software was contingent on the understanding of the parties that all title and ownership and rights to the software and related output performed pursuant to their agreement would be owned by Movero, Inc.

6. On or about July 5, 2005 a contract for services was delivered to Defendant memorializing the mutual understanding as to the services to be rendered and to provide an hourly rate. The contract provided, in part as follows: "Movero retains title and ownership of all rights to the software and related output performed under this agreement. This includes, but is not limited to, software, drawings, instructions, processes, design, documentation and the technology related to work product developed under this agreement or owned by Movero including (i) any updates, enhancements, modifications, changes, improvements or derivative works made by INTECHTUAL or previously owned by Movero, and (ii) all intellectual and industrial property rights throughout the world including copy rights, trade secret rights, patent rights and trademark rights."

7. To date, Movero has paid in excess of $140,000.00 for work performed under the agreement between April 14, 2005 and August 2005, receipt for which has been acknowledged by Defendant.

8. On August 10, 2005, Defendant caused to have access removed with respect to all software, interrupting Movero business by changing the repository site and denying access to software.

9. On or about August 10, 2005 and after access to software was denied, the agreement between the parties was terminated.

10. As of this filing, however, Defendant has failed to provide access to software related to mPortal software, mVue software, mPortal 2 software, and/or mCare software;.

11. In a letter dated August 15, 2005, Defendant, through their attorney, sent a Cease and Desist and Demand letter advising that Movero is prohibited from any use, reproduction, distribution or display of the mPortal, mVue, or mCare code under 17 U.S.C. 501, whether installed on Movero computers or on the computers of anyone else who seeks to purchase or use said code, screen prints or documentation. Said letter acknowledges an agreement between the parties. In the letter a demand for $101,167.25 was made. However, Movero has not received invoices identifying said amount.

### Causes of action

12. The foregoing actions and conduct on the part of Defendant constitutes breach of contract and have caused and will continue to cause Plaintiff to sustain actual damages in an amount within the jurisdictional limits of this Court.

13. The foregoing actions and conduct on the part of Defendant constitutes conversion which have caused and will continue to cause Plaintiff to sustain actual damages in an amount within the jurisdictional limits of this Court.

14. The foregoing actions and conduct on the part of Defendant constitutes the tort of tortious interference with existing and prospective contractual relations and have caused and continue to cause Plaintiff to sustain actual damages in an amount within the jurisdictional limits of this Court.

### Declaratory Judgment and Injunctive Relief

15. The actions and conduct on the part of Defendants are wrongful and have caused and continue to cause interference with Plaintiff's ability to operate its business. Plaintiff will suffer immediate and irreparable injury for which there is no adequate remedy of law if Defendant is not enjoined as sought herein. Accordingly, Plaintiff seeks and is entitled to a declaratory judgment declaring that Movero retained all title and ownership of all rights to the mPortal, mVue, or mCare code software and related output performed under the agreement. and Plaintiff is entitled to injunctive relieve including, but not limited to temporary restraining orders, temporary injunction, and permanent injunction enjoining Intechtual, Inc., and all persons acting in privity with them from the following:

    a.    failing or refusing to immediately return to Plaintiff the original and all software files of Plaintiff including, but not limited to, the following:

        i)    mPortal software;

        ii)    mVue software;

        iii)    mPortal 2 software;

        iv)    mCare software;

    b.    directing, diverting, intercepting or taking any actions which are intended to or which have the effect of directing, diverting software and access to software which is the subject of the agreement;

    c.    accessing or tampering with, or taking or engaging in any action which is intended to or has the effect of altering, changing, mutilating, or affecting the operation or functionality of the mPortal, mVue, mPortal2 or mCare software;

   d.   failing and refusing to provide a complete list of all files, work, forms, data, or other property for which Defendant has in his possession or control and for which consideration has been received;

16.   Plaintiff seeks and is entitled to recover its reasonable and necessary attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

17.   All conditions precedent to Plaintiff's right to recovery and to the relief sought herein, and to Defendants' liability have been met or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein. Plaintiff prays for a declaratory judgment under Title 28, part VI, Chapter 151, § 2201, and temporary restraining order without notice to Defendant. Plaintiff prays that upon notice and hearing that the Court issue temporary injunction orders and that upon final trial hereof, permanent injunction. Plaintiff prays that upon final hearing, that Plaintiff have and recover judgment against Defendants for Plaintiff's actual damages, reasonable and necessary attorney's fees, maximum allowable prejudgment and post judgment interest and costs of court. Finally, Plaintiff prays for other and further relief.

Respectfully submitted,

Margaret M Anderson Kelton
9501 N. Capital of Texas Suite 202 B
Austin TX 78759
(512) 826-5598
(512) 233-2447 – fax

By: *Margaret M. Anderson Kelton*
Margaret M. Anderson Kelton
State Bar No. 24010154

ATTORNEY FOR PLAINTIFF